

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

*Federal Building & U.S. Courthouse*      *Commercial: (907) 271-5071*
*222 West 7th Avenue, #9, Room 253*       *Fax Number: (907) 271-3224*
*Anchorage, Alaska 99513-7567*

June 11, 2019

Molly C. Dwyer, Clerk of Court
United States Court of Appeals, Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

Re:     *United States v. Terrance Jones*, No. 18-35457
        Second supplemental authority pursuant to Fed. R. App. P. 28(j)

Dear Ms. Dwyer:

The United States advises the Court of additional pertinent and significant authority in the referenced case, in which the Court will hear oral argument on June 13, 2019.   The Supreme Court's 9-0 decision in *Quarles v. United States*, No. 17-778, 2019 WL 2412905, at \*1-14 (June 10, 2019), pertains to the United States' position, at pages 19 to 26 of its Answering Brief, that Colorado burglary is a "violent felony" under the Armed Career Criminal Act because the definition of Colorado burglary "is narrower than or substantially corresponds to the definition of burglary." *Id.* at \*9.  Further, the Supreme Court clarified that the question under the categorical approach is whether the statute at issue "substantially corresponds" or is narrower than the definition of generic burglary. *Id.* at \*10. The Court cautioned courts from "seizing on modest statelaw deviations from the generic definition of burglary."  *See id.* at \*9-10 (citing *Taylor v. United States*, 495 U. S. 575 (1990)). The Court warned against narrow interpretations of the definition of burglary because it would defeat Congress' purpose of including burglary as an enumerated felony in the Act.  *Id.* at \*8.

The *Quarles* decision also pertains to the United States' argument, at pages 19 to 26 of its Answering Brief, that: (1) under *Stitt*, Jones' prior conviction for class 3 Colorado burglary is a "violent felony" under the Armed Career Criminal Act; (2) the sentencing judge properly sentenced Jones under the Act; and (3) Jones is neither factually nor legally innocent of his sentence and the district court properly denied Jones' time-barred § 2255 petition.

Sincerely,

BRYAN SCHRODER
United States Attorney
*/s/ Karen Vandergaw*
KAREN VANDERGAW
Assistant United States Attorney